UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN FISHMAN,

    *Petitioner*,

v.

JEFFERSON B. SESSIONS III, United States Attorney General,

    *Respondent*.

Civil Action No. 18-521 (RDM)

## MEMORANDUM OPINION

Petitioner Stephen Fishman initiated this action by filing a pleading captioned "Petition for Writ of Habeas Corpus by a Person Detained in Federal Custody Pursuant to 28 U.S.C. § 2241 . . . and . . . Petition for Declaratory Judgment Pursuant to 20 U.S.C. § 2201," naming United States Attorney General Jefferson Sessions as respondent. Dkt. 1 at 1. Consistent with the rules governing habeas petitions, Fishman paid the $5 filing fee. *See* 28 U.S.C. § 1914(a). In all other cases, the party "instituting any civil action, suit or proceeding" must either pay a filing fee of $400, *see id.* § 1914(a), (b), and accompanying note, or receive leave of court to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915.

Fishman is currently incarcerated at the Federal Correctional Institution at Terminal Island, San Pedro, California ("FCI Terminal Island"). Dkt. 1 at 9. Although Fishman's 145-page petition is not the picture of clarity, his principal arguments appear to be that his conviction is "null and void" because the district judge that issued his sentence "lacked authority to take jurisdiction of the Federal Criminal Case" because he was "subject to Mandatory Judicial Disqualification under . . . 28 U.S.C. § 455(b)(4)," and that the evidence was insufficient to

sustain his conviction. Dkt. 1 at 36. Fishman requests that the Court address twelve questions, the answers to which, he argues, will "[c]larify the legal rights of the Petitioner" and "resolve" the question of "the legality of the detention of the Petitioner." *Id.* at 34. These questions begin with broad inquiries about the structure of the federal government and its laws—*e.g.*, "Is the Constitution of the United States . . . the Supreme Law of the Land?" *id.* at 26—and culminate in questions regarding the lawfulness of Fishman's confinement, *e.g.*—"Is the Respondent holding the Petitioner in [c]ustody . . . in violation of the Constitution, Laws, and/or Treaties of the United States[,] thus subjecting the Petitioner to a form of kidnapping by and through unlawful confinement?" *id.* at 30.

Fishman seeks several forms of relief. He asks that the Court (1) declare that he is being held in custody "in direct violation of the Constitution, Laws, and/or Treaties of the United States" and that he has therefore been subjected to "kidnapping . . . for profit and gain, in furtherance of Criminal Racketeering Activity;" *id.* at 137–38; (2) order the respondent to "release [him] from said unlawful confinement," *id.* at 138; and (3) order that respondent provide him with transportation and $500 in "traveling funds" upon his release, *id.* Fishman also alleges that he has suffered damages of $1,565,217.39 for each day of unlawful confinement. *Id.* at 12.

Fishman's requests for transportation funds and damages do not sound in habeas and, accordingly, cannot properly be considered in the context of his pending petition. Nothing in 28 U.S.C. § 2241 authorizes a court to order transportation or to award traveling funds or damages. As the Supreme Court has explained, if a "prisoner is seeking damages, he is attacking something other than the fact or length of his confinement," and thus "habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

This defect, moreover, cannot be cured by simply treating Fishman's claims for damages and similar relief as distinct from his claims that properly sound in habeas corpus. To start, Fishman has not paid the required filing fee of $400 to bring such a civil action, nor has he sought leave to proceed *in forma pauperis*. Moreover, to the extent that Fishman's claim for damages, if successful on the merits, would "necessarily imply the invalidity of [his] confinement or shorten its duration," he cannot proceed without first succeeding on his related habeas claim. *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 665 (D.C. Cir. 2013) (emphasis omitted) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

Fishman's claim for "release . . . from . . . unlawful confinement," Dkt. 1 at 138, in contrast, is founded on "challeng[es] [to] the very fact or duration of his physical imprisonment," *Preiser*, 411 U.S. at 500. Before considering the merits of Fishman's petition, however, the Court must identify "the proper respondent to [the] petition" and must determine whether the Court "ha[s] jurisdiction over him or her." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). As currently framed, Fishman's petition fails on both counts.

First, the petition incorrectly names Attorney General Sessions as the respondent, arguing that because he is responsible for administering the Federal Bureau of Prisons, he is ultimately responsible for Fishman's confinement. Dkt. 1 at 16–18. "[T]he default rule" in "habeas challenges to present physical confinement," however, "is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435; *see also* 28 U.S.C. § 2242; *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988). Accordingly, the warden of the facility where

Fishman is confined—and not the Attorney General—is the proper respondent for purposes of Fishman's petition.

Second, Fishman has sought relief in the wrong jurisdiction. Under 28 U.S.C. § 2241(a), district courts may grant habeas relief only "within their respective jurisdictions." The Supreme Court has "interpreted this language to require . . . 'that the court issuing the writ have jurisdiction over the custodian,'" *Padilla*, 542 U.S. at 442 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)); *see also Stokes*, 374 F.3d at 1237–38, which is the warden of the prison in which the petitioner is incarcerated. Because the warden of FCI Terminal Island is located in San Pedro, California, this Court lacks "territorial jurisdiction" to adjudicate Fishman's petition. *Day v. Obama*, No. 15-671, 2015 WL 2122289, at *1 (D.D.C. May 1, 2015), *aff'd sub nom. Day v. Trump*, No. 15-5144 (D.C. Cir. June 23, 2017); *see also Lane v. United States*, No. 14-731, 2015 WL 6406398 at *2 (D.D.C. Oct. 21, 2015) (explaining that the territorial-jurisdiction requirement is like personal jurisdiction or venue). The Court will, accordingly, transfer Fishman's claims with respect to his release from "unlawful detention," Dkt. 1 at 12, to the U.S. District Court for the Central District of California.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 19, 2018